Filed 3/28/25  P. v. Pizano CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083084 |
| v. | (Super.Ct.No. BAF1900023) |
| DANIEL CRUZ PIZANO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Dismissed with directions.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Evan Stele, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court found defendant and appellant Daniel Cruz Pizano ineligible for a full resentencing hearing.  On appeal, defendant contends this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing.  We dismiss with directions.

## I.  PROCEDURAL BACKGROUND

On May 13, 2019, defendant pled guilty to unlawfully driving a vehicle (Veh. Code, § 10851, subd. (a), count 1) and unlawfully receiving a stolen vehicle (Pen. Code, § 496d, subd. (a), count 2).  Defendant additionally admitted he had suffered a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12) and a prior prison term (Pen. Code, § 667.5, subd. (b)).

The trial court sentenced defendant to its indicated sentence on count 1, one-third the midterm, a total of eight months, consecutive to a four-year sentence in one of defendant's other cases.  It stayed sentence on the remaining count.  The court struck the prior prison term enhancement; however, both the sentencing minute order and the abstract of judgment reflect that the court imposed the enhancement but struck *punishment* on it.

---

[1]  All further statutory references are to the Penal Code.

At an unreported hearing on December 21, 2023, at which counsel represented defendant,[2] the court indicated that it had read and considered the decisions in *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted February 21, 2024, S283169; *People v. Renteria* (2023) 96 Cal.App.5th 1276; *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189; and *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted March 12, 2024, S283547. The court found that defendant was not eligible for resentencing and denied the "motion."

## II. DISCUSSION

Defendant contends this court should reverse and remand the matter with directions to the trial court to hold a full resentencing hearing. The People maintain that defendant is not entitled to resentencing because the court struck the prior prison term

---

[2] It is unclear from the record as originally filed how the matter initially came to the court's attention. "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation [the CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; accord, *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [Lower and appellate courts lack jurisdiction over a request for section 1172.75 relief brought solely by a defendant].)

"Of course, 'the defendant . . . bears the burden to provide a record on appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant.' [Citation.]" (*People v. Moore* (2021) 68 Cal.App.5th 856, 866; *ibid.* ["Because appellant has failed to provide an adequate record for review, his claim fails. [Citation.]"].) Here, we satisfied defendant's burden of producing a record that establishes the proceeding below was initiated by the CDCR. On our own motion, we took judicial notice of a CDCR list from another case, which identifies individuals potentially eligible for section 1172.75 relief; defendant's name appears on that list.

enhancement in its entirety. Defendant replies that whether the court struck the enhancement is irrelevant and does not preclude relief. We agree with the People.

Senate Bill No. 483 (Senate Bill 483) (2021-2022 Reg. Sess.) added section 1171.1 to the Penal Code (Stats. 2021, ch. 728), which the Legislature subsequently renumbered, without substantive change, as section 1172.75 (Stats 2022, ch. 58, § 12, eff. June 30, 2022). (*Rhodius*, *supra*, 97 Cal.App.5th at p. 42, fn. 4.) "Section 1172.75, subdivision (a), states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' [Citation.] Section 1172.75 instructs the CDCR to identify those persons in their custody currently serving a term for a judgment that includes an enhancement under section 667.5(b) (excluding sexually violent offenses) and provide such information to the sentencing court that imposed the enhancement. [Citation.] Subsequently, the sentencing court 'shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.]" (*Id.* at p. 42.)

"Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error. [Citation.] The abstract of judgment 'does not control if different from the trial court's

4

oral judgment and may not add to or modify the judgment it purports to digest or summarize.' [Citation.]" (*People v. Leon* (2020) 8 Cal.5th 831, 855.)

The sentencing court in this case stated, "I'll strike the prior. That is, I'll not impose it because I imposed it" in the other case. Thus, the court expressly struck the enhancement in its entirety.

The sentencing minute order and abstract of judgment do not accurately reflect the court's oral pronouncement. Therefore, the minute order and abstract of judgment are the result of clerical error, which must be corrected.

Here, because defendant is not serving a term for a judgment that includes a prior prison term enhancement, he is not entitled to relief under section 1172.75's auspices. (*Rhodius*, *supra*, 97 Cal.App.5th at p. 42; § 1172.75, subd. (b).) In fact, both the court below and this court are without jurisdiction in the matter. The CDCR list identifying defendant as potentially eligible for resentencing was based on the clerk's error in recording the sentencing court's oral pronouncement of judgment. (*People v. Cota*, *supra*, 97 Cal.App.5th at p. 332; accord, *People v. Newell*, *supra*, 93 Cal.App.5th at p. 268; accord, *People v. Burgess*, *supra*, 86 Cal.App.5th at p. 382.) Thus, the court below correctly denied the request for resentencing and the appeal must be dismissed.

## III.  DISPOSITION

The appeal is dismissed. The trial court is directed to correct the abstract of judgment and sentencing minute order to reflect that the sentencing court struck the prior prison term enhancement in its entirety. The court is further directed to forward a copy

of the corrected abstract of judgment and sentencing minute order to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____
Acting P. J.

We concur:

FIELDS _____
J.

RAPHAEL _____
J.